1  **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
2  Todd M. Friedman, Esq. (SBN: 216752)
   tfriedman@attorneysforconsumers.com
3  Nicholas J. Bontrager, Esq. (SBN: 252114)
   nbontrager@attorneysforconsumers.com
4  369 S. Doheny Dr., #415
5  Beverly Hills, CA 90211
   Telephone: (877) 206-4741
6  Facsimile: (866) 633-0228

7  **KAZEROUNI LAW GROUP, APC**
8  Abbas Kazerounian, Esq. (SBN: 249203)
   ak@kazlg.com
9  Matthew M. Loker, Esq. (SBN 279939)
   ml@kazlg.com
10 2700 N. Main Street, Ste. 1000
   Santa Ana, California 92705
11 Telephone: (800) 400-6808
12 Facsimile: (800) 520-5523

13 **HYDE & SWIGART**
14 Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
15 411 Camino Del Rio South, Suite 301
   San Diego, CA 92108
16 Telephone: (619) 233-7770
17 Facsimile: (619) 297-1022

18 *Attorneys for Plaintiff*

19           **UNITED STATES DISTRICT COURT**
20           **SOUTHERN DISTRICT OF CALIFORNIA**

21 | | |
|---|---|
| **JED ALEXANDER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | Case No.: '13CV1122 L    BGS |
| | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **REGIONAL ADJUSTMENT BUREAU, INC.,** | |
| Defendant. | |

CLASS ACTION COMPLAINT - 1

## INTRODUCTION

1. JED ALEXANDER ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of REGIONAL ADJUSTMENT BUREAU, INC. and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular phone. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendants, a company with its principal place of business and incorporated in the State of Tennessee.  Plaintiff also seeks

the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and the County of San Diego.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose principal place of business and State of incorporation is Tennessee. Defendant has a policy and practice of recording telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

7. Defendant is, and at all times mentioned herein was, a corporation. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the

things alleged in this Complaint, were acting within the course and scope of that agency and employment.

8. At all times relevant, Plaintiff was an individual residing within the State of California.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant regularly conducts business in the State of California; and makes and receives hundreds if not thousands of calls into and from California every week.

10. Since January of 2013, Plaintiff received several telephone calls from employees, officers and/or agents of Defendant concerning an alleged debt Defendant sought to collect from Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Defendant records all telephonic conservations without any disclosure/s and/or warning/s and/or obtaining consent from California consumers, including Plaintiff.

11. Specifically, on February 20, 2013, Plaintiff returned one of Defendant's telephone calls by calling Defendant at (800) 829-7750 order to inquire about the reason and/or purpose for the telephone calls he had been receiving. Defendant did not initially advise Plaintiff that the telephone call would be recorded at the onset of the call. After speaking with an agent of Defendant for a period of time, including discussions of Plaintiff's address and providing Plaintiff's social security number, Defendant for the first time notified Plaintiff that the conversation was being recorded.

12. During the February 20, 2013 telephone conversation with Defendant, Plaintiff discussed highly personal and private financial information that Plaintiff had not openly discussed with others.

13. Plaintiff had no reasonable expectation that Plaintiff's mobile telephone conversation with Defendant would be recorded due to the private subject matter being discussed.

14. Further, Plaintiff had no reasonable expectation that Plaintiff's mobile telephone conversation with Defendant would be recorded due to the fact that Defendant did not advise Plaintiff at the onset of the call that the conversation was being recorded.

15. Plaintiff was shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiff's knowledge or consent since Plaintiff was discussing private financial information that Plaintiff had not openly discussed with others.

16. Due to the private nature of the calls, Plaintiff reasonably did not expect Plaintiff's telephone call to be recorded.

17. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

18. The February 20, 2013 conversation with Plaintiff, was without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff.  Prior to Plaintiff's disclosure of personal and private information, Plaintiff was never informed that Plaintiff's telephone calls were being recorded.  At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

19. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers.  Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

20. Plaintiff is informed and believes, and thereon alleges that from the beginning of 2012 to the present, Defendant has installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

21. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

22. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("The Class").

24. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound or outbound cellular telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

25. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to

request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording ingoing or outgoing calls initiated to or by a cellular telephone;

   b. Whether Defendant discloses to callers and/or obtains their consent that their ingoing or outgoing telephone conversations were being recorded;

   c. Whether Defendant's policy of recording ingoing or outgoing calls constituted a violation of California Penal Code § 632.7;

   d. Whether Plaintiff, The Class were damaged thereby, and the extent of damages for such violations; and

   e. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation pursuant to California Penal Code § 632.7.

30. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

31. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

# FIRST CAUSE OF ACTION
## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7
### [BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

36. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or a cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

37. Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

38. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every ingoing and outgoing telephone conversation over said telephone lines.

39. Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

40. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages,

including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

41. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class members the following relief against Defendant:

42. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

43. For $5,000 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class;

44. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

45. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

46. For exemplary or punitive damages;

47. For costs of suit;

48. For prejudgment interest at the legal rate; and

49. For such further relief as this Court deems necessary, just, and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 10, 2013

                                          Law Offices of Todd M. Friedman, P.C.

                                          By:  /s/ Todd M. Friedman  
                                                  Todd M. Friedman, Esq.  
                                                    Attorney for Plaintiff